UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

SARA GOLD,

    Plaintiff,
v.

BEST BUY STORES, L.P.,

    Defendant.
_____/

## NOTICE OF REMOVAL

The Defendant, Best Buy Stores, L.P., (hereinafter "Best Buy"), by and through its undersigned counsel, hereby files this Notice of Removal in the above-styled cause to the United States District Court, Southern District of Florida, on the following grounds:

1. This cause was originally filed by the Plaintiff in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, as Case No. 50-2020-CA-008204-XXXX-MB.

2. This suit is a personal injury civil action in which the Plaintiff, Sara Gold, alleged that the Defendant is liable under a negligence theory for damages suffered by the Plaintiff.

3. 28 U.S.C. §1332 confers original jurisdiction on the federal courts for all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States."

4. The instant suit is one which the District Court of the United States has original jurisdiction since it involves a controversy exclusively between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest

and costs.

5. With respect to the diversity of the parties, Plaintiff is a citizen of Florida and the Defendant is a citizen of Minnesota or, in the alternative, Virginia or Nevada. In any case, Defendant is not a citizen of the State of Florida.

6. At all times material hereto, Plaintiff has been domiciled in the State of Florida.

7. "With respect to the diversity jurisdiction of the federal courts, citizenship has the same meaning as domicile." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). "Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile; and citizenship is not necessarily lost by protected absence from home, where the intention to return remains." *Id*.

8. "Courts have acknowledged the usefulness of certain presumptions with respect to a person's domicile." *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003) citing *Mitchell v. United States,* 88 U.S. (21 Wall.) 350, 352, 22 L.Ed. 584 (1874) (listing useful presumptions); *McDonald v. Equitable Life Ins. Co. of Iowa,* 13 F.Supp.2d 1279, 1281 (M.D.Ala.1998).

9. The first presumption is "that the state in which a person resides at any given time is also that person's domicile." *Audi* citing *McDonald,* 13 F.Supp.2d at 1281 (citing *District of Columbia v. Murphy,* 314 U.S. 441, 455, 62 S.Ct. 303, 86 L.Ed. 329 (1941), and *Stine v. Moore,* 213 F.2d 446, 448 (5th Cir.1954)). Second, "once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state." *McDonald,* 13 F.Supp.2d at 1281 (citing *McDougald v. Jenson,* 786 F.2d 1465, 1483 (11th Cir.1986)).

10. "The objective facts bearing on an individual's 'entire course of conduct' determine domicile for diversity jurisdiction purposes." *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001) citing *Stine*, 213 F.2d at 448.

11. "No single factor is conclusive; instead, the Court looks to the 'totality of evidence.'" *Id*.

12. At all material times Plaintiff has been domiciled in the State of Florida. The "presumption" of Plaintiff's domicile is supported by several sources confirming that Plaintiff resides in the State of Florida.

13. Plaintiff's Complaint alleged that Plaintiff is "*a resident of Boca Raton, Palm Beach County, Florida.*" A copy of the Complaint is attached hereto as Exhibit A.

14. Plaintiff's counsel sent a Settlement Demand Letter dated December 11, 2019, which provided copies of medical records that referenced a home address for Plaintiff in Deerfield Beach, Florida. A redacted[1] copy of the December 11, 2019, Settlement Demand Letter is attached hereto as Exhibit B.

15. "Citizenship is equivalent to 'domicile' for the purposes of diversity jurisdiction." *Jakobot v. Am. Airlines, Inc.*, No. 10-61576-CIV, 2011 WL 2457915, at *2 (S.D. Fla. June 20, 2011) citing *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir.2002)

16. Therefore, Plaintiff is domiciled in the State of Florida and is, accordingly, a

---

[1] Plaintiff produced medical records and bills in support of her Settlement Demand Letter. Best Buy Stores, L.P. attached to this Notice a redacted Settlement Demand Letter. Best Buy Stores, L.P. is not attaching to this Notice the medical records produced by the Plaintiff to protect the Plaintiff's privacy rights pursuant to Federal Rule of Civil Procedure 5.2, Section 6 of the CM/ECF Administrative Procedures for the Southern District of Florida, as well as those rules and regulations governed by the Health Insurance Portability and Accountability Act (HIPAA). Unredacted copies of these documents and a complete set of the medical bills and records produced by the Plaintiff are available for review by the Court upon request.

citizen of Florida. *Stine, Supra.*

17. At the time that both the Complaint and the Notice of Removal were filed in this cause, and at all times material hereto, Best Buy Stores, L.P. was, and is, a Virginia Limited Partnership, with its General Partner having its citizenship in Minnesota and the Limited Partner having its citizenship in Nevada.

18. "[A] limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Carden v Arkoma Assocs.*, 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021, 108 L.Ed.2d 157 (1990).

19. Each member of Best Buy Stores, L.P. is a citizen of different states than the Plaintiff. Best Buy Stores, L.P., has one General Partner, BBC Property Co., and one Limited Partner, BBC investment Co., both of which are wholly owned subsidiaries of Best Buy Co., Inc.. BBC Property Co. is incorporated in Minnesota. BBC Investment Co., is incorporated in Nevada. Best Buy Co., Inc., is incorporated in Minnesota.

20. Best Buy Stores L.P. has filed the necessary documents with the Florida Secretary of State to establish that it is a Virginia Limited Partnership with its General Partner, BBC Property Co., located in Minnesota. Attached hereto as Exhibit C is the 2020 Foreign Limited Partnership Annual Report filed by Best Buy Stores L.P., available through the Florida Secretary of State's website at www.sunbiz.org.

21. Additionally, a certified copy of Best Buy Stores L.P.'s Certificate of Status issued by the Florida Department of State attesting that Best Buy Stores L.P.is a Virginia Limited Partnership is attached hereto as Exhibit D.

22. Further, attached as Exhibit E is an Affidavit of John Matejcek, Senior Manager for Best Buy Enterprise Services, Inc., who has personal knowledge regarding

Best Buy Stores L.P.'s citizenship. Mr. Matajcek's Affidavit states *inter alia* that Best Buy Stores L.P.'s is a Virginia Limited Partnership. Best Buy Stores L.P. has one General Partner, BBC Property Co., which is incorporated in Minnesota. Best Buy Stores L.P. also has one Limited Partner, BBC Investment Co., which is incorporated in Nevada. BBC Property Co. and BBC Investment Co. are wholly-owned subsidiaries of Best Buy Co., Inc., which is incorporated in the State of Minnesota. Best Buy Stores, L.P., BBC Property Co.. BBC Investment Co., and Best Buy Co., Inc. are not Florida Corporations.

23. Accordingly, Best Buy Stores L.P., was and is a Virginia Limited Partnership, with its General Partner a citizen of Minnesota and its Limited Partner a citizen of Nevada, with both the General and Limited Partners being wholly-owned subsidiaries of a Minnesota corporation. Therefore Best Buy Stores L.P. is a citizen of Minnesota for the purposes of 28 U.S.C. §1332. Alternatively, it is a citizen of Nevada or Virginia. In either scenario, Best Buy Stores L.P. is not a citizen of the State of Florida.

24. Given that Plaintiff is a citizen of Florida and Best Buy Stores L.P. is a citizen of Minnesota/Nevada/Virginia, there is the requisite diversity of citizenship between the parties allowing the Court to take jurisdiction over this action pursuant to 28 U.S.C. §1332.

25. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest, costs and attorney's fees.

26. When it is not apparent from the face of the Complaint that the jurisdictional amount is met, the Court can consider "other papers" received by the defendant to determine if the case is removable. *See Jade East Towers Developers v. Nationwide Mutual Ins. Co.*, 936 F.Supp. 890 (N.D.Fla.1996).

27. Before suit was filed Best Buy Stores, L.P. received from Plaintiff's counsel

a Settlement Demand Letter dated December 11, 2019.  The Settlement Demand Letter set forth a settlement demand of $150,000.  A redacted copy of the Settlement Demand Letter is attached hereto as Exhibit B.  The $150,000 demand establishes that the amount in controversy exceeds the jurisdictional threshold of $75,000.

28.     Plaintiff's settlement demand of $150,000 is based on Plaintiff's assessment of the value of her damages and her medical professionals' advice.  The Settlement Demand Letter included a description of Plaintiff's treatment history and copies of her medical records and bills.

29.     The Settlement Demand Letter indicated that Plaintiff is claiming as a result of this incident "several traumatic injuries."  The Settlement Demand Letter provides details concerning alleged injuries to her hip, knees and hands.  She also claims that the incident reaggravated her prior medical condition including heart related ailments.  Plaintiff also alleged that she sustained damage to dental implants.

30.     The Settlement Demand Letter also stated that Plaintiff's "life has been impacted due to this accident, she is unable to walk without pain, and engage in normal household duties."  She claimed that she was "in relatively good health for a woman of her age. However, after this accident her life has been changed for the worse."

31.     Plaintiff also alleged in the Complaint that she suffered the following damages:

> *As a direct proximate result of the foregoing negligence of Defendant BEST BUY STORES, L.P., Plaintiff, SARA GOLD, was injured in and about her body and extremities, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity of the enjoyment of life, expense of hospitalization, medical nursing care and treatment, loss of earning, loss of ability to earn money in the future and aggravation of previously existing condition.  The loss was permanent or continuing and Plaintiff will suffer the losses in the future.*

32. Best Buy Stores, L.P., has established that the amount in controversy is above the $75,000 jurisdictional threshold. Plaintiff's settlement demand of $150,000 alone establishes the amount in controversy. It is further supported by Plaintiff's alleged economic damages, pain and suffering, potential future medical expenses in addition to the additional categories of claimed damages as alleged in the Compliant.

33. Plaintiff's pre-suit Settlement Demand provided the first "other papers" which allowed the Defendant to ascertain that the case was removable.

34. This Notice is timely filed. The removal of this cause is authorized by the provisions of 28 U.S.C. §1441(b). Taking into consideration the Settlement Demand received pre-suit, the case became removable on August 5, 2020, by Best Buy Stores, L.P.'s receipt of the Complaint, at which time it was first ascertained that the case is one which is, or has become, removable because the requisite amount in controversy was established. 28 U.S. C. § 1446(b); *See Field v. Nat'l Life Ins. Co.*, 2001 WL 77101 (M.D. Fla. 2001).

35. Accordingly, Best Buy Stores, L.P. has established the requisite diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.

36. Written notice of the filing of the Notice of Removal, on this date, has been given to Plaintiff through her attorney. A copy of this Notice has, on this date, been filed with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

37. A copy of all process, pleadings, and papers served and filed in the aforementioned state court action, which are not attached as other Exhibits to this Notice of Removal, is attached to this Notice of Removal as Exhibit F.

WHEREFORE, the Defendant, Best Buy Stores, L.P., requests that this Court assume jurisdiction of this case and approve the Notice of Removal.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 4, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of Florida, by using the CM/ECF system and served by email to: Anthony R. Gonzales, Esq.; Carman, Beauchamp, Sang, Gonzales & Philpott, P.A.; agonzales@carmanbeauchamp.com; rhian@carmanbeauchamp.com; Counsel for Plaintiff, 3335 N.W. Boca Raton Blvd., Boca Raton, FL 33431.

BOWMAN AND BROOKE, LLP
Attorneys for *Best Buy Stores, L.P.*

*/s/ Shawn Libman*
Charles P. Flick Fla. Bar No. 253324
Shawn Y. Libman Fla. Bar No. 10544
Two Alhambra Plaza, Suite 800
Miami, Florida 33134
Phone: 305/995-5600
Fax: 305/995-6100
Asst: Maria Esteva 305/995-6086
Charles.Flick@bowmanandbrooke.com
Shawn.Libman@bowmanandbrooke.com
Maria.Esteva@bowmanandbrooke.com