IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 50-2020-CA-008204-XXXX-MB

SARA GOLD,

    Plaintiff,

v.

BEST BUY STORES, L.P.,

    Defendant.

_____/

## DEFENDANT BEST BUY STORES, L.P.'S ANSWER

    The Defendant, BEST BUY STORES, L.P., by its undersigned counsel, hereby serves this its Answer to the Complaint as follows:

    1.    It is admitted that this is an action for money damages, but it is denied that Plaintiff is entitled to recover any damages whatsoever from the Defendant.

    2.    The Defendant is without sufficient information so as to be able to admit or deny the allegations of Paragraph 2 and, therefore, denies the same and demands strict proof thereof at the time of trial.

    3.    Admitted.

    4.    Admitted.

    5.    Denied.

    6.    Denied.

    7.    Denied.

    8.    Denied.

**Exhibit F**

9.    Denied.

10.   All remaining allegations of the Complaint not specifically responded to are denied.

### FIRST DEFENSE

As a defense, the Defendant, BEST BUY STORES, L.P., states that the Plaintiff, SARA GOLD, was herself guilty of comparative negligence which was the sole cause or a contributing legal cause of the injuries and damages complained of herein.

### SECOND DEFENSE

As a defense, the Defendant, BEST BUY STORES, L.P., states that the injuries and damages complained of herein were caused in whole or in part by the acts and/or omissions of a third person or persons whose identity is presently unknown, but for whose acts or omissions this Defendant cannot be held liable.

### THIRD DEFENSE

As a defense to the failure to warn claim, the Defendant, BEST BUY STORES, L.P., states that the condition referred to in the Complaint was an open and obvious condition for which no warning was required under Florida law.

### FOURTH DEFENSE

As a defense, the Defendant, BEST BUY STORES, L.P., states that the Plaintiff failed to mitigate her damages if she failed to take advantage of any health insurance or other collateral sources of payment that were available to her and, therefore, her claim is barred.

### FIFTH DEFENSE

As a defense, the Defendant, BEST BUY STORES, L.P., asserts that with respect

to the claim for Plaintiff's medical expenses, the Plaintiff is only entitled to recover that amount which has actually been paid, or is payable, by the Plaintiff and/or by any health insurer or other third party payor for the benefit of the Plaintiff.

### SIXTH DEFENSE

As a defense, the Defendant, BEST BUY STORES, L.P., asserts the defense of setoff for payments for medical expenses made by any entity.

### SEVENTH DEFENSE

As a defense, the Defendant, BEST BUY STORES, L.P., asserts the defenses available to it under Florida Statute Section 768.0755.

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that the foregoing was filed and electronically served on this 25th day of August, 2020 to: Anthony R. Gonzales, Esq.; Carman, Beauchamp, Sang, Gonzales & Philpott, P.A.; agonzales@carmanbeauchamp.com; rhian@carmanbeauchamp.com; Counsel for Plaintiff, 3335 N.W. Boca Raton Blvd., Boca Raton, FL 33431.

BOWMAN AND BROOKE, LLP
Attorneys for *Best Buy Stores, L.P.*

*/s/ Charles P. Flick*                .
Charles P. Flick
Fla. Bar No. 253324
Shawn Y. Libman
Fla. Bar No. 10544
Two Alhambra Plaza, Suite 800
Miami, Florida 33134
Phone: 305/995-5600
Fax:  305/995-6100
Asst: Maria Esteva 305/995-6086
Charles.Flick@bowmanandbrooke.com
Shawn.Libman@bowmanandbrooke.com
Maria.Esteva@bowmanandbrooke.com